MORRIS *vs.* BRICKLEY & CALDWELL.—June, 1827.

Where a plaintiff offers no testimony, or such, as is so slight and inconclusive, that a rational mind cannot draw the conclusions sought to be deduced from it, it is the right of the court, and their duty, when applied to for that purpose, to instruct the jury, that he is not entitled to recover.

A positive and absolute direction to the jury will not be granted, if it obliges the court to discredit a witness; to do that the intervention of a jury is peculiarly necessary.

APPEAL from *Cecil* County Court. *Assumpsit* for money laid out, lent, advanced and expended. The plaintiff, (now ap-

pellant,) at the time of filing his declaration, filed therewith an account of his claim against the defendants (the appellees,) with an account of sales of 100 barrels of herrings received by the plaintiff from the defendants, and by him sold to sundry persons, among others, 51 barrels sold in September and October 1817 to *Joseph B. Eves*, at $4 50, per barrel, amounting to $229 50. After deducting freight, commission, &c. the balance of the whole amount of the sales of the 100 barrels was $305 76. The account raised by the plaintiff against the defendants, charged them with cash at sundry times, with interest, &c. amounting to $185 56, and credited them with the amount of the sales of the 100 barrels of herrings $305 76, deducting therefrom 51 barrels sold to *Joseph B. Eves*, at 60 days, and unpaid, at $4 50, per barrel, $229 50. Thus reducing that credit to $76 26, and allowed interest thereon, $6 76, making a balance due to the plaintiff of $102 54. From this sum the plaintiff's commission of 2½ per cent. on the sale of the 51 barrels to *Eves*, amounting to $5 75, was deducted, leaving due the plaintiff $96 81. The defendants pleaded the general issue.

At the trial the plaintiff produced and offered in evidence the account referred to in the declaration, (which account had been sworn to by the plaintiff, and by *N. C. Neilson*, his clerk, before a notary public for the state of *Pennsylvania*,) and also the depositions taken under a commission regularly issued and returned in this cause, viz. that of *Samuel Archer*, who affirmed that in July, August, September, and November 1817, he sold to *Joseph Bennett Eves* on an average credit of not short of four months, goods to the amount of more than $4,000; and at the time of the failure of said *Eves*, the affirmant was a creditor to the amount of more than $10,000; that at the time of said *Eves'* failure, he was indebted to the amount of not less than $70,000—many of the most intelligent and respectable merchants of *Philadelphia* being amongst his creditors. That there are grades of credit in *Philadelphia*, as in other places, and the affirmant does not consider that the said *Eves* was in the highest grade of credit, yet he believes he might have extended his purchases to a still greater amount than he did. *Charles F. Hozey* deposed that he knows the plaintiff, but he did not know the defendants; that the dealings of the

parties as referred to in the plaintiff's statement, did take place; that he knows that about the months of September and October 1817, the plaintiff sold to *Joseph Bennett Eve*s a quantity of herrings, for the amount of which he took the said *Eves's* notes, which he endorsed and deposited in bank for collection, as is customary; but the same never were discounted, nor the money obtained from *Eves* for the same.    The deponent knows the facts he has above testified, from his having been a clerk of the plaintiff, at the time the transaction took place, and to the present period.    The defendants then prayed the court to direct the jury, that the evidence produced was not sufficient to support the action.    Which direction the Court, [*Earle,* Ch. J. and *Worrell,* A. J.] gave to the jury.    The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and MARTIN, ARCHER, and DORSEY, J. by

*Gale,* for the Appellant, and by
*Carmichael,* for the Appellees.

DORSEY, J. delivered the opinion of the court.    This court have, on more occasions than one determined, that where there is no testimony, or where the testimony offered is so slight, and inconclusive, that a rational mind could not draw the conclusions sought to be deduced from it, that it is the unquestionable right of the court, and their imperious duty, when applied to for that purpose, to instruct the jury, that the plaintiff is not entitled to recover.    Whether the case at bar comes within the operation of this decision, is the question now to be considered, and its determination depends upon the proof offered to the jury, and all the circumstances admissible in argument before them, connected with this controversy, as they appear upon the face of the record.    The appellant having filed his declaration, also filed in court an account showing the transactions between the parties, and the nature of the claim on which the action was founded.    Which account showed the consignment by the appellees of one hundred barrels of herrings to the appellant at *Philadelphia,* the expenses incident thereto, the price at which

the herrings were sold, the amount thereof received, and the money advanced by the appellant to the appellees. A commission afterwards issued to *Philadelphia* to take testimony. The appellant filed the necessary interrogatories to obtain proof of the items in his account. The appellees in their cross interrogatories, not even insinuating an objection to, or denial of, the receipt of any of the sums of money wherewith they were charged in the account, put their defence solely on the ground, that they were entitled to a credit for the price of the herrings sold to *Joseph Bennett Eves*, (who had become insolvent,) either because the contents of the note he had given therefor had been received by the appellant, or that he had rendered himself personally answerable therefor, as an agent violating his duty to his principal, in selling to a vendee, without credit, or in doubtful circumstances; both of which facts were clearly disproved by the testimony taken under the commission.

The appellees, disappointed in the defence to which their cross interrogatories pointed, at the trial of the cause sought to protect themselves from the claim, by the weakness of the appellant's proof, and to that end prayed the court to instruct the jury, that the evidence produced was not sufficient to support the action. Which instruction the court gave; and from that decision the appellant hath sought relief at the hands of this court, and we conceive it our duty not to withhold it.

*Hozey*, the clerk of the appellant, deposed that the dealings of the parties, as referred to in the appellant's statement, (meaning his account,) did take place; and although he also swears that he did not know the appellees, and that he knew the facts he had testified, from his having been a clerk of the appellant at the time the transaction took place, we by no means think that the weight of his testimony is wholly destroyed thereby, or that in candor or charity this court can impute to him a crime (which scarcely deserves a milder name than perjury,) of having sworn positively to facts of which he had no knowledge. His testimony will bear a different interpretation, and in that light we are disposed to view it. When we look, therefore, to the nature and circumstances of the claim, the proceedings in the cause, and the testimony of the witness *Hozey*, the intervention of a jury, we think peculiarly necessary to settle the rights of the

parties. We consequently dissent from the opinion delivered by the county court, and reverse their judgment.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.